# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON COLE, | 1:12-cv-511-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO PROSECUTE |
| v. | (ECF No. 10) |
| WASCO STATE PRISON, | |
| Defendant. | |

_____/

Plaintiff Travon Cole ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court, on April 4, 2012, ordered Plaintiff to either consent or decline Magistrate Judge jurisdiction by not later than May 7, 2012. (ECF No. 5.) Plaintiff failed to do either or otherwise respond. The Court then, on May 21, 2012, gave him a further opportunity and ordered him to consent or decline by June 21, 2012. (ECF No. 9.) He did not do so or request an extension of time to do so.

On July 31, 2012, the Court issued an order giving Plaintiff one last opportunity to consent or decline Magistrate Judge jurisdiction. (ECF No. 10.) Plaintiff was to respond by August 10, 2012. (Id.) August 10, 2012, has passed without Plaintiff complying with

or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of

dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order expressly stated: "Failure to meet this deadline will result in dismissal of this action." (ECF No. 10.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED based on Plaintiff's failure to obey a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 13, 2012          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE